IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                           :        CASE NO. 11-04681
                                                 :
JOSE MIGUEL CENTENO SANCHEZ;                     :
EVELYN MENDEZ GONZALEZ                           :        CHAPTER 13
                                                 :
       Debtors                                   :
_____                :
                                                 :
JOSE MIGUEL CENTENO SANCHEZ;                     :
EVELYN MENDEZ GONZALEZ                           :        ADVERSARY NO. 12-0004
                                                 :
       Plaintiffs                                :
                                                 :
vs.                                              :
                                                 :
DEPARTMENT OF TREASURY OF THE                    :
COMMONWEALTH OF PUERTO RICO                      :
                                                 :
       Defendant                                 :
                                                 :
_____                :

OPINION AND ORDER

       This adversary proceeding is before the court upon the motion for partial summary judgment filed on June 20, 2012 by José Miguel Centeno Sánchez and Evelyn Méndez González (hereinafter referred to as "Debtors" or "Plaintiffs") alleging that the Puerto Rico Treasury Department (hereinafter referred to as "Treasury") deliberately and wilfully violated the automatic stay pursuant to 11 U.S.C. §362(k)(1) because it sent to Debtors various notices and requests for payment of income tax liabilities after the filing of the bankruptcy petition (Docket No. 15).  Treasury filed its motion in opposition to Plaintiffs' motion for partial summary judgment on July 3, 2012 (Docket No. 16) arguing that the post-petition notices and demand for payments of the assessments were a result of the post-petition amended tax returns that were filed by Debtors and that these notices and demand for payments of tax assessments fall within the exception of the automatic stay under 11 U.S.C. §362(b)(9)(D).  For the reasons set forth below Plaintiffs' motion for partial summary judgment is denied and Treasury's opposition to the partial motion for summary judgment is granted.

Facts and Procedural Background

       José Miguel Centeno Sánchez and Evelyn Méndez González filed a bankruptcy petition under

Chapter 13 of the Bankruptcy Code on May 31, 2011 (Case No. 11-04681[1]). On November 28, 2011, Treasury filed proof of claim No. 14-1 in the amount of $42,015.05 of which $25,707.42 was included as unsecured and the remaining $16,307.63 was listed as a priority claim for income taxes for the calendar years 2004 through 2010 (inclusive of the years 2004 and 2010). On August 10, 2011, the Debtors' Chapter 13 plan was confirmed (Docket No. 28). The court notes that Debtors filed previously for bankruptcy under Chapter 13 of the Bankruptcy Code on December 2, 2002 (Case No. 02-12701) and the Debtors were granted a discharge on February 28, 2007 under 11 U.S.C. §1328(a) after completion of their Chapter 13 plan (Case No. 02-12701, Docket No. 23).

On January 17, 2012, the Debtors filed an adversary proceeding against Treasury alleging that Treasury wilfully violated the automatic stay under 11 U.S.C. §362(a) by sending to Plaintiffs various written notices and requests for tax payments after the bankruptcy petition was filed. On April 20, 2012, Treasury filed its answer to the complaint (Docket No. 11). On June 20, 2012, the Plaintiffs filed their motion for partial summary judgment as to liability pursuant to 11 U.S.C. §362(a) alleging; (i) that Treasury wilfully violated the automatic stay by sending multiple notices and requests for tax payments on the following dates and for the following amounts owed; (a) November 3, 2011, amount owed $232.18; December 15, 2011, amount owed $1,468.32; (c) December 19, 2012, amount owed $1,466.94; (d) January 26, 2012, amount owed $1,486.45; (e) February 15, 2012, amount owed $319.55; and (ii) that the case of Isaias Soto Perez v. Treasury, Adversary Case No. 09-00196 is, "... a case hardly indistinguishable from the case at bar, finding that Treasury wilfully violated the automatic stay" (Docket No. 15). On July 3, 2012, Treasury filed a Motion in Opposition to Plaintiffs' Motion for Partial Summary Judgment arguing the following; (i) Debtors on July 20, 2011 filed amended tax returns for the years 2007, 2008, 2009 and 2010. After filing the tax returns for these years, Treasury commenced their ordinary administrative process to assess the amended tax returns which resulted in the issuance of notices and demand for payment of the assessments for the above referenced amended tax returns; and (ii) "[t]he documents sent by Treasury to Plaintiffs were only

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 11-04681 (ESL).

notices. The making of an assessment for any tax and the issuance of a notice and demand for payment is specifically permitted. The letters are not a collection effort, but an administrative procedure of the agency included in the Puerto Rico Internal Revenue Code and allowed by Section 362(b)(9) of the Bankruptcy Code" (Docket No. 16).

The issue before the court is whether the post-petition notices and demand for payments of the assessments of the post-petition amended tax returns fall within the exception of the automatic stay under 11 U.S.C. §362(b)(9)(D).

Applicable Law and Analysis

*Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no

4

defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

Uncontested Material Facts

1. Treasury is an unsecured and/or priority creditor and/or their agents in the bankruptcy lead case.

2. Treasury was included as an unsecured creditor in the case schedules and in the CM/ECF creditor mailing matrix. Treasury received timely and legally sufficient notice of the filing of the case by the United States first class mail postage prepaid.

3. On November 28, 2011 Treasury filed proof of claim #14 for $42,015.05, of which $16,307.63 was allocated as priority and $25,707.42 as unsecured.

*Automatic Stay under 11 U.S.C. §362(a)*

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id. The automatic stay prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U. S. C. §362(a)(6). "Section 362(a)(6) is intended to prevent creditor harassment of the debtor in attempting to collect prepetition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters, to more formal judicial and administrative proceedings that are also stayed under subsection (a)(1)." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶362.03[8][a](16th ed. 2012). Despite the fundamental importance of the automatic stay, Congress has allowed certain exceptions to the automatic stay, such as those included under Section 362(b) of the Bankruptcy Code. See 229 Main St. Ltd. Pshp. v. Mass. EPA (In re 229 Main St.), 262 F. 3d 1, 3-4 (1st Cir. 2001).

*Exception to Automatic Stay under 11 U.S.C. §362(b)(9)*

11 U.S.C. § 362(b) lists a number of acts that are exceptions from a debtor's automatic stay. Section 362(b)(9) of the Bankruptcy Code provides an exception to the automatic stay provisions under subsection (a) of Section 362 of the Bankruptcy Code by allowing; "(A) an audit by a governmental unit to determine tax liability; (B) the issuance to the debtor by a governmental unit of a notice of tax deficiency; (C) a demand for tax returns; or (D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor)." 11 U.S.C. § 362(b)(9). "As amended in 1994, section 362(b)(9) also permits a governmental unit to conduct an audit to determine tax liability, to make a demand for tax returns and to make an assessment, issue notice and demand payment of any tax"  Alan N. Resnick & Henry J. Sommer, 3 <u>Collier on Bankruptcy</u> ¶362.05[9] (16th ed. 2012). Section 362(b)(9) limits the impact of Section 362(a)(6) in certain circumstances regarding tax liabilities. <u>See</u> <u>Rosas v. Monroe County Tax Claim Bureau</u>, 323 B.R. 893, 898 (Bankr. M.D. Pa. 2004).

In the instant case, Treasury mailed the following notices: (1) on December 15, 2011, Treasury mailed a Notice and a Request of Tax Payment for the tax year 2007. The notice indicated that the date of assessment was December 15, 2011, and that code number 002 indicates that the amount due was determined by the taxpayer upon the filing of an amended return. The notice indicated that the amount due was $1,468.32. On the second page of the notice, line item number 4 indicated that if the taxpayer wanted to request a payment plan he/or she had to visit the corresponding collection district. Moreover, it reminded the taxpayers that the Secretary of Treasury had the legal authority to employ the following mechanisms to guarantee the collection of the debt, such as; (a) attachment of personal property (wages, bank accounts, and others); (b) notices of tax liens on real property and its subsequent foreclosure by public sale; and (c) withholding of all payments made from any agency, public corporation, municipality or instrumentality of the Commonwealth of Puerto Rico as payments for goods and services; (2) on December 19, 2011 Treasury mailed a notice informing the taxpayers

of the benefits for taxpayers of a new law titled, "Fortalecimiento de la Seguridad y Salud Pública", ["Strengthening of Security and Public Health"], Act Number 218-2011 which allows taxpayers to pay certain types of tax debts for prior tax years up to and including the 2010 tax year, without having to pay interests, surcharges and penalties if the same are paid by February 29, 2012. The notice indicated that the total owed for the tax year 2007 was $1,466.94; (3) on January 26, 2012, Treasury mailed a notice indicating that the taxpayers owed the amount of $1,483.45 and to remit payment of the same by February 12, 2012. The notice also indicates that if the taxpayer is unable to pay the balance due in its totality, or if you have evidence of having already paid to please contact the Call Center at 787-620-2323. The last sentence of the letter which is in bold letters states that if you have filed for bankruptcy protection to please submit evidence of the same; (4) on February 15, 2012, a Notice and Request for Tax Payment was mailed for the tax year 2009. The notice indicated that the date of assessment was February 15, 2012, and that code number 002 indicates that the amount due was determined by the taxpayer upon the filing of an amended return. The notice indicated that the amount due was $319.55; and (5) on February 16, 2012, a second notice requesting payment was mailed indicating that the taxpayers owed the amount of $1,809.96 and to remit payment of the same by March 4, 2012. The notice also indicates that if you are unable to pay the balance due in its totality, or if you have evidence of having already paid to please contact the Call Center at 787-620-2323. The last sentence of the letter which is in bold letters states that if you have filed for bankruptcy protection to please submit evidence of the same.

The court notes that the Debtors did not include in its Exhibits the notice dated November 3, 2011.

In the instant case, the court finds that all of the five (5) documents (notices) fall within the exception found under Section 362(b)(9)(D), since the same are notices that demand payment which are different from those notices with an intent to levy. See Covington v. IRS (In re Covington), 256 B.R. 463, 466 (Bankr. D.S.C. 2000) ("These notices dated December 21, 1998 entitled "Notice Of Intent to Levy- You Must Respond Now" evidence more than the making of an assessment by the IRS. These notices, along with the accompanying pamphlet, clearly constitute more than a demand for payment. These notices constitute a collection effort and advise the debtor of specific

consequences if payment is not made within a certain period of time"); See also; Jacoway v. Dep't of Treasury (In re Graycarr, Inc.), 330 B.R. 741, 745 (Bankr. W.D. Ark. 2005) ("The Court believes that the Request For Payment falls within the purview of §362(b)(9)(D) of the code and is not a violation of the automatic stay. See Covington v. IRS (In re Covington), 256 B.R. 463, 466 (Bankr. D.S.C. 2000). However, the IRS's collection actions continued through its Notice of Levy dated May 23, 2005, which was mailed to Arvest Bank. The mailing of the Notice of Levy constitutes a collection effort by the IRS and advises the taxpayer of specific consequences if payment is not made within a specified period of time. It is not an assessment and demand for payment and is not excepted from the automatic stay by §362(b)(9)(D)").

The court also finds that document #2 (notice #2) is an informative notice by which the taxpayer is informed of the enactment of a new law from which he or she might benefit from since it allows to pay certain types of overdue taxes without having to pay interest, surcharges and penalties. Moreover, the last sentence (which was in bold letters) of the third notice (document) dated January 26, 2012 clearly indicated to the taxpayers that if they had filed for bankruptcy protection to please submit evidence of the same.

The court concludes that Debtors' reliance on the case of Soto Perez v. Department of the Commonwealth of P.R. et als. (In re Soto Perez), 2010 Bankr. Lexis 1975 (Bankr. D.P.R. 2010) is misplaced because in In re Soto Perez, Treasury sent a notice of attachment to different financial institutions and banks in further efforts to collect on Debtor's tax debt. Moreover, in this particular case the applicability of Section 362(b)(9) was not addressed. In the instant case, Treasury has not made any efforts to collect the tax liability owed by Debtors either by seizure or levy of the Debtors' property. See In re Curpier, 2009 Bankr. Lexis 2896, *17 (Bankr. N.D.N.Y. 2009) citing Neary v. Department of Revenue (In re Neary), 220 B.R. 864, 867 n.6 (Bankr. E.D. Pa. 1998)("'[T]he making, postpetition, of an assessment of the Debtors' prepetition tax liability, and the issuance of letters demanding payment thereof cannot, without more, be viewed as violating the automatic stay.'").

## Conclusion

For the reasons stated above the court finds that the notices and requests for payment sent by the Treasury to the Debtors, fall within the exception found under Section 362(b)(9)(D), since the

same are notices that demand payment which are different from those notices with an intent to seize or levy Debtors' property.

In view of the foregoing, Debtors' motion for partial summary judgment is DENIED and Treasury's opposition to the partial motion for summary judgment is hereby GRANTED.

SO ORDERED.

In San Juan, Puerto Rico, this 11th day of January 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge